

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| FRANCINE STEINEMAN,<br>          Plaintiff,<br><br>vs.<br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY,<br>          Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No.: 0:20-03118-MGL<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

## I.     INTRODUCTION

Plaintiff Francine Steineman (Steineman) brought this declaratory judgment action against Defendant Meridian Security Insurance Company (Meridian) in the York County Court of Common Pleas to determine the extent to which Meridian must indemnify her for losses under her automobile insurance policy's uninsured and underinsured motorist coverages in light of an automobile accident (the insurance policy coverage questions). Meridian removed the action to federal court under 28 U.S.C. § 1332(a).

Pending before the Court is Steineman's motion to remand. Having carefully considered Steineman's motion, the response, the reply, the responses to the Court's order to show cause, the record, and the applicable law, it is the judgment of the Court Steineman's motion will be granted.

II.     **FACTUAL AND PROCEDURAL HISTORY**

Steineman and her husband, Eric Louis Steineman (Eric), were involved in an automobile accident with Sarah Helms Smith (Smith). Eric was driving Steineman's Ford Explorer, and Steineman was a passenger. Smith was an uninsured motorist at the time of the accident. Steineman contends both Eric's and Smith's negligence resulted in the accident. Steineman subsequently filed a lawsuit against her husband and Smith for negligence in the York County Court of Common Pleas. Approximately one hour later, Steineman filed a declaratory judgment action against Meridian in the same state court regarding the insurance policy coverage questions.

Thereafter, Meridian removed the declaratory judgment action to this Court, and Steineman filed a motion to remand. Meridian then responded, Steineman replied, and both parties responded to the Court's order to show cause why the matter should not be remanded to state court in light of the Fourth Circuit's decision in *Trustgard Ins. Co. v. Collins*, 942 F.3d 195 (4th Cir. 2019). The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

III.    **STANDARD OF REVIEW**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

## IV.     DISCUSSION AND ANALYSIS

Before the Court can reach the merits of Steineman's motion, it must decide whether it has Article III jurisdiction over this declaratory judgment case. *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) ("It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court."). The United States Supreme Court recently reiterated the requirements for federal court jurisdiction under Article III:

> Two related doctrines of justiciability—each originating in the case-or-controversy requirement of Article III—underlie this determination [the case fails to present a justiciable dispute]. First, a plaintiff must demonstrate standing, including an injury that is concrete, particularized, and imminent rather than conjectural or hypothetical. Second, the case must be ripe—not dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all.

*Trump v. New York*, 141 S. Ct. 530, 535 (2020) (internal citations omitted).

And, in *Trustgard*, the Fourth Circuit emphasized the importance of standing and ripeness in the declaratory judgment context. 942 F.3d at 199–200. In that case, Dorothy Jackson (Jackson), and her passenger Sharon Collins (Collins), sustained injuries when Jackson rear-ended a trailer being driven by a tow truck owned and operated by Mr. McWilliams. *Id.* at 197. Collins initiated a state-court negligence action against multiple parties, one of which was Michael Brown

3

(Brown). *Id.* at 198. Brown's only connection with the automobile accident was that his Interstate Commerce Commission number appeared on Mr. McWilliams's tow truck. *Id.*

Brown's insurer, Trustgard, filed a declaratory judgment action and "asked the federal district court to declare whether it must pay any judgment against Brown if Collins prevails in state court." *Id.* The district court decided the question on the merits, and Collins appealed to the Fourth Circuit. On appeal, the Fourth Circuit expressed concerns regarding whether Trustgard had standing to bring the declaratory judgment action and whether the claim was ripe. *Id.* at 199–201. The court opined:

> Trustgard's alleged injury—that it might have to guarantee a future judgment against Brown—is of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit. If Collins does not win a state-court judgment against Trustgard's insured, then a decision from this Court concerning Trustgard's obligation to guarantee such a judgment will have no effect. Thus, before any determination of liability, we risk issuing an advisory opinion.

*Id.* at 200. The Fourth Circuit concluded its Article III analysis by noting "[a]lthough we recognize how valuable it might be for the parties to know an insurer's obligations before liability is resolved, practical value cannot overcome this fundamental limitation on our jurisdiction." *Id.* at 201.

Ultimately, the Fourth Circuit avoided the Article III question by addressing the nondiscretionary jurisdictional question of "whether jurisdiction *should* have been exercised in this declaratory judgment action[.]" *Id.* Answering that question in the negative, the Fourth Circuit vacated and remanded the district court's order.

Although the court in *Trustgard* ultimately avoided the Article III question, its Article III analysis in the declaratory judgment context, especially as to ripeness, is instructive to the case at bar.

4

As noted above, the Court issued a text order directing the parties to show cause as to why this case should not be remanded to the state court in light of the *Trustgard* decision. The Court directed "the parties to focus their analysis on the Fourth Circuit's analysis of Article III jurisdiction and whether the alleged controversy here is sufficiently concrete given that, based on the record before the Court, liability for the accident remains undetermined." July 12, 2021, Text Order.

Steineman, in response to the show cause text order, maintains "in the absence of determinations to be made in the [s]tate [c]ourt action, the questions related to [Meridian]'s duty to indemnify are so hypothetical or contingent that, if the Court were to proceed with deciding this action, it would risk issuing an advisory opinion." Steineman Show Cause Resp. at 2. In support of this contention, Steineman notes "there appear to be [twenty] different, hypothetical outcomes from the [s]tate [c]ourt action, each of which would require further analysis to interpret [Meridian]'s indemnity obligations under the subject insurance policy." *Id.* at 3 (internal citation omitted). Under some of these outcomes, Meridian will owe nothing to Steineman, and the insurance policy questions present here will be moot. *See generally* Reply at 2–5.

Meridian argues, on the other hand, "[u]nlike *Trustgard* (where the only question was the insurer's theoretical obligation to pay a hypothetical judgment), Meridian is actually involved in the [state court action] and is incurring expenses based on the possibility that UIM coverage might exist under the Policy." Meridian Show Cause Resp. at 6. Thus, according to Meridian, its payment of legal fees representing Eric and Smith constitute "a concrete, actual injury that Meridian is sustaining." *Id.*

Meridian's argument lacks merit inasmuch as it is the defendant in this declaratory judgment action, not the plaintiff asserting an injury. The plaintiff is the party that must show an

injury in fact. *See Lujan v. Def. of Wildlife*, 504 U.S. 555 (1992) ("[T]he plaintiff must have suffered an injury-in-fact—an invasion of a legally protected interest which is (a) concrete and particularized[.]") (internal citation omitted); *Trump*, 141 S. Ct. at 535 ("[A] plaintiff must demonstrate standing, including an injury that is concrete, particularized, and imminent rather than conjectural or hypothetical.") (internal citation omitted).

Nevertheless, the Court need only address the justiciability doctrine of ripeness to conclude it lacks Article III jurisdiction in this case. "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in a 'clean-cut and concrete form.'" *Miller*, 462 F.3d at 318–19 (quoting *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947)). "The burden of proving ripeness falls on the party bringing suit." *Id.* at 319. "In evaluating the ripeness of claims for judicial review, courts must balance the fitness of the issues for judicial decision and the hardship of the parties of withholding court consideration." *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (internal citations omitted).

"A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller*, 462 F.3d at 319. "The hardship prong is measured by the immediacy of the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law." *Charter Fed. Sav. Bank. v. Office of Thrift Supervision*, 976 F.2d 203, 208–09 (4th Cir. 1992). "When considering hardship, [a court] may consider the cost to the parties of delaying judicial review." *Miller*, 462 F.3d at 319.

Here, as to the insurance policy coverage questions present in this case, a "clean-cut and concrete[,]" *Miller*, 462 F.3d at 318–19, judgment from the state court action that sets forth the

percent of the parties' liability is absent. Also, there is not a "clean-cut and concrete[,]" *id.*, judicial determination of Steineman's damages.

Hence, this case is unfit for judicial review at this point in time, as numerous scenarios exist where Steineman could procure a judgment in state court not triggering her uninsured and underinsured policy coverage limits. Under these certain scenarios, a determination of the insurance policy coverage questions present here would be meaningless. Furthermore, no hardship exists inasmuch as the state court negligence action is progressing and the insurance policy coverage questions in this case are separate and distinct matters from the sole issue in that case: which party negligently caused the automobile accident. At bottom, the Court "risk[s] issuing an advisory opinion[,]" *Trustgard*, 942 F.3d at 200, if it adjudicates this issue.

Accordingly, the only course of action for this Court is to remand the matter to the York County Court of Common Pleas because Meridian's removal to this Court was improper. *See generally* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## V.        CONCLUSION

For the reasons stated above, it is the judgment of the Court Steineman's motion to remand the complaint is **GRANTED**, and this matter is **REMANDED** to the York County Court of Common Pleas.

**IT IS SO ORDERED.**

Signed this 2nd day of September 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
